**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**BRIONN STOKES,**
                **Plaintiff,**

v.                                      Case No. 07-C-865

**AMERICAN CYANAMID CO.,
ARMSTRONG CONTAINERS, INC.,
CONAGRA FOODS INC.,
E.I. DUPONT DE NEMOURS & COMPANY,
LEAD INDUSTRIES ASSOCIATION INC.,
MILLENNIUM HOLDINGS, L.L.C.,
N.L. INDUSTRIES, INC.,
THE ATLANTIC RICHFIELD COMPANY,
THE SHERWIN-WILLIAMS COMPANY and
MILWAUKEE COUNTY DEPARTMENT
OF HEALTH AND FAMILY SERVICES,[1]**
                **Defendants.**

---

## ORDER

On September 26, 2007, defendant American Cyanamid Co. removed this action from state court. In its notice of removal, such defendant alleged that there was complete diversity of citizenship between plaintiff and all properly-joined defendants and that all properly-joined defendants had consented to removal. It noted that there is not diversity of citizenship between plaintiff and defendant Milwaukee County Department of Health and Family Services ("DHFS"). However, it noted that plaintiff had not stated any claims against DHFS and that plaintiff had intended to name such party as a subrogee plaintiff rather than as a defendant.

Further, American Cyanamid claims that plaintiff seeks more than $75,000. Plaintiff's complaint does not specify the amount he seeks. American Cyanamid attempted to remove

---

[1] The official caption currently names Department of Health and Family Services and State of Wisconsin as defendants. However, prior to removal, the state court dismissed the single defendant named "Department of Health and Family Services, State of Wisconsin" and substituted "Milwaukee County Department of Health and Family Services." (Notice of Removal Ex. B.)

this case once before and plaintiff moved to remand to state court based, in part, on American Cyanamid's lack of evidence that that the plaintiff sought more than the jurisdictional amount and the court remanded for this reason. American Cyanamid asserts that the parties have since engaged in discovery and plaintiff has refused to respond to requests for discovery related to the amount of money sought. American Cyanamid states that it has a good faith basis for its contention that plaintiff seeks more than the jurisdictional amount based on, among other things, plaintiff's allegations that he has suffered "severe and permanent injuries" and "significant neurological defects" and the recovery obtained by other plaintiffs in similar cases.

It is clear that plaintiff improperly named DHFS as a defendant and I will dismiss DHFS from this case.[2] Further, plaintiff has not contested defendant's allegations related to jurisdiction, and therefore I presume that the amount in controversy exceeds the jurisdictional amount. See St. Paul Fire & Marine Ins. Co. v. Land Title Servs., 483 F. Supp. 2d 745, 747 (E.D. Wis. 2007). In any event, I agree with defendant that it is more likely than not that plaintiff seeks more than $75,000 in damages and I will set this case for scheduling.

**Therefore,**

**IT IS ORDERED** that Milwaukee County Department of Health and Family Services is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that a telephonic Fed. R. Civ. P. 16(b) scheduling conference will be held on **December 19, 2007 at 10:30 a.m.** The court will initiate the call.

The parties should note Fed. R. Civ. P. 26(f), which requires that they confer with each other at least 21 days before the Rule 16(b) scheduling conference and file a written report

---

[2] If plaintiff wishes to amend his complaint to add DHFS as a plaintiff, he may request leave to do so.

of their proposed discovery plan within 14 days after their Rule 26(f) conference. The first paragraph of the joint Rule 26(f) report should state the date and time given above for the Rule 16(b) scheduling conference. The parties should also note Rule 26(a)(1), which requires (unless they agree otherwise) that they make their initial disclosures to each other within 14 days after their Rule 26(f) conference.

**IT IS ORDERED** that each party may be represented by only one (1) attorney on the scheduling conference call.

**IT IS FURTHER ORDERED** that each party contact the court at 414/297-1285 no later than 12:00 noon on December 17, 2007 to advise the court of the attorney who will participate in the call.

Dated at Milwaukee, Wisconsin, this 5 day of November, 2007.

/s\
LYNN ADELMAN\
District Judge