UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**GLENN BURTON, JR.,**
    **Plaintiff,**

v.    Case No. 07-cv-0303

**AMERICAN CYANAMID, et al.,**
    **Defendants.**
_____

**RAVON OWENS,**
    **Plaintiff,**

v.    Case No. 07-cv-0441

**AMERICAN CYANAMID, et al.,**
    **Defendants.**
_____

**ERNEST GIBSON,**
    **Plaintiff,**

v.    Case No. 07-cv-0864

**AMERICAN CYANAMID, et al.,**
    **Defendants.**
_____

**BRIONN STOKES,**
    **Plaintiff,**

v.    Case no. 07-cv-0865

**AMERICAN CYANAMID, et al.,**
    **Defendants.**
_____

**CESAR SIFUENTES,**
    **Plaintiff,**

v.    Case No. 10-cv-0075

**AMERICAN CYANAMID, et al.,**
    **Defendants.**
_____

_____

**MANIYA ALLEN, et al.,**
   **Plaintiffs,**

v.                        **Case No. 11-cv-0055**

**AMERICAN CYANAMID, et al.,**
   **Defendants.**
_____

**DEZIREE VALOE, et al.,**
   **Plaintiff,**

v.                         **Case No. 11-cv-0425**

**AMERICAN CYANAMID, et al.,**
   **Defendants.**
_____

## ORDER

   In the above-captioned lead paint cases, plaintiffs and one of the defendants, NL Industries, Inc. ("NL"), have reached a settlement and ask me to issue several rulings to effectuate their agreement. Before addressing their requests, I must resolve a jurisdictional issue. Previously, defendants moved to dismiss for lack of subject matter jurisdiction arguing that plaintiffs failed to adequately plead citizenship and also to establish complete diversity. To solve these problems, plaintiffs seek to file a second amended complaint adequately pleading citizenship and severing the non-diverse plaintiffs. All defendants agree to plaintiffs' request, and it will be granted.

   With respect to the settlement, plaintiffs and NL have reached an aggregate settlement agreement pursuant to *Pierringer v. Hoger*, 21 Wis. 2d 82 (1963), which permits a plaintiff to settle with a defendant while reserving the right to pursue claims against other tortfeasors and agreeing to indemnify the settling defendant for any claims for contribution that the non-settling tortfeasors might bring. *Bruner Corp. v. R.A. Bruner Co.*, 133 F.3d

491, 494 (7th Cir. 1998). Under the agreement, NL will deposit into a qualified settlement fund a sum to be distributed to plaintiffs according to an agreed-upon formula.

The non-settling defendants do not object to the settlement but object to plaintiffs' request that I consolidate the cases for purposes of settlement. Under Fed. R. Civ. P. 42(a), I may consolidate cases which involve a common question of law or fact and may issue any orders to avoid unnecessary cost or delay. Consolidation "is a matter committed to the sound discretion of the trial judge." *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994). The non-settling defendants argue consolidation is inappropriate because one case, *Gibson v. American Cyanamid, et al.*, is assigned to Judge Randa, who previously declined to reassign the case to me. There is, however, a common question which justifies consolidation. All plaintiffs have collectively settled with NL. Thus, any questions about the settlement agreement are, by definition, "common."[1] Further, effectuating the agreement is complicated; the settlement involves cases in front of two federal judges and two state court judges, and it involves a complex distribution matrix requiring the creation of multiple funds. Consolidation for the limited purpose of resolving plaintiffs' settlement-related motions is efficient and will avoid unnecessary cost and delay. The *Gibson* case will remain before Judge Randa for all other purposes.[2]

The non-settling defendants also argue that I should require the settling parties to

---

[1] The fact that the non-settling defendants do not object to concurrent review of the settlement motions in each separately-assigned case supports the conclusion that commonality exists for settlement purposes.

[2] Nothing in this decision should be construed as a ruling on whether a common question of law or fact exists under Fed. R. Civ. P. 20(a)(1). I do not presently address the misjoinder issue raised in *Allen v. American Cyanamid*.

3

disclose to them the terms of the settlement by placing such terms in the record under a protective order. Generally, only documents which form the basis of the parties' dispute and the court's resolution of the dispute must be part of the record. *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). Settlement terms need only be disclosed if they require judicial approval, if they become an issue in a subsequent lawsuit, or if a party seeks enforcement. *Id.* at 834. Further, under Wisconsin law, parties are not required *per se* to disclose the terms of a *Pierringer* settlement. *See, e.g., Olson v. Darlington Mut. Ins. Co.*, 296 Wis. 2d 716, 720 n.3 (Ct. App. 2006) (concluding that the trial court erred in compelling disclosure of settlement terms and noting that "[f]orcing disclosure of the settlement amount . . . may work to impede future settlements").

Plaintiffs are not asking that I approve the terms of the settlement agreement with NL, and my approval is not required. Rather, plaintiffs ask me to authorize the creation of funds needed to effectuate the agreement and to authorize the *guardian ad litem* to settle the minor plaintiffs' claims. To decide these motions, I do not need to know the terms of the agreement, and such terms do not factor into my decision. Thus, at this time, I will not require plaintiffs to disclose the terms of their settlement agreement with NL. The non-settling defendants also argue that keeping the settlement terms confidential is improper because the *Pierringer* releases affect their rights to contribution from NL. However, nothing in this decision precludes the non-settling defendants from asking for disclosure of the settlement terms at a later date, for example, during or after trial, should such terms become relevant.

Finally, the non-settling defendants object to plaintiffs' characterization of

4

Wisconsin's risk contribution rule and express concern that their failure to object might later be interpreted as acquiescence. Their objection is noted. I stress that in granting plaintiffs' settlement-related motions, I do not decide any issues relating to Wisconsin's risk contribution rule.

**THEREFORE, IT IS ORDERED** that in *Allen v. American Cyanamid*, Case No. 11-cv-055, plaintiffs' motions for leave to file a second amended complaint (ECF No. 39) and to sever (ECF No. 40) are **GRANTED**.

**IT IS FURTHER ORDERED** that in *Allen v. American Cyanamid*, Case No. 11-cv-055, defendants' motion to dismiss for lack of jurisdiction (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that in all above-captioned cases:

(1) The joint motion to partially consolidate cases for purposes of settlement of all claims against NL Industries, Inc. is **GRANTED**. The above-captioned cases are partially consolidated for the limited purpose of settling all of the plaintiffs' claims against NL Industries, Inc., on a *Pierringer* basis.

(2) The joint motion to establish a qualified settlement fund and appoint trustee, and dismiss all claims of plaintiffs against NL Industries, Inc. is **GRANTED**.

> (a) The Lead Paint Settlement Fund is established as a qualified Settlement Fund as described in Treas. Reg. § 1.468B-1, and within the meaning of 28 U.S.C. § 468B of the Internal Revenue Code.
>
> (b) Seventh Amendment Holdings, LLC, is appointed as Trustee of the fund.
>
> (c) The Lead Paint Settlement Fund is authorized through its duly appointed Trustee to settle all claims of the Plaintiffs in the underlying actions against

NL Industries, Inc., on a *Pierringer* basis, and to make payments to the Plaintiffs in accordance with the matrix described in the Lead Paint Settlement Fund Escrow Agreement.

(d) The Lead Paint Settlement Fund is authorized to effect qualified assignments of any resulting structured settlement liability for any individual Plaintiff, at the request of a minor Plaintiff's *guardian ad litem* or at the request of any adult Plaintiff within the meaning of §§ 130© and 130(d) of the Internal Revenue Code to the qualified assignees, subject to the limitations herein.

(e) All claims of the Plaintiffs against NL Industries, Inc. shall be dismissed with prejudice, on a *Pierringer* basis, upon the funding of the Lead Paint Settlement Fund by NL.

(3) The joint motion for an order authorizing minor plaintiffs' *guardian ad litem* to settle all claims of minor plaintiffs against NL Industries, Inc., and an order authorizing the creation of special needs trusts is **GRANTED**.

(a) The minor plaintiffs' *guardian ad litem* is authorized to execute *Pierringer* releases on behalf of each minor plaintiff in accordance with the terms and conditions of the Confidential Settlement Agreement.

(b) It is further required that Sub-Accounts in the WisPACT Trust I be established for the benefit of each minor plaintiff, and this Order incorporates by reference the Declaration of Trust of the WisPACT Trust I dated July 1, 2004, and any amendments occurring before or after the effective date of the

Order as well as the Contribution Agreement-Application to be completed by the *guardian ad litem*: Maniya Allen, Daveon Archibold, Damian Arias, Kwamaine Barlow, Kennedy Bland, Keyshawn Broom, Lasharia Broom, Porscha Brown, Shateivia Bruce, Glenn Burton, Hazel Carabajal, Anjuan Coleman, Jadah Conner, Ian Cooper, Delaneo Craig, Luis Curet, Diamond Davidson, Leah Davis, Rio Duran, Arleatha Evans, Garqwain Evans, Geonandre Evans, De'Mario Fleming, Isaiah Friemoth, Ernest Gibson, Charlia Grant, Donta Harvey, Amber Haugen-Schmitt, Joshua Haugen-Schmitt, Arieyana Hedwood, Raul Hernandez, Jr., Kayla Hollins, Laquisha House, Celisa Houston, A'nya Humphries, Faith Itsaleumsack, Jada Jamison, Anthony Johnson, Keith Johnson, Qua-Shawn Jones, Ranesha Keyes, Aniyah Kimble, Moet Knowles, Dejone Lampkin, Carmale Lee, Dontrel Lee, Donzel Lee, Adam Leek, Camonie Lewis, Emaurieon Lewis, Orzell Long, Cyresse Lewis, Naiza Love-Roy, Kaleel McCray-Clark, Kimanzi McCray-Clark, Tyann McHenry, Yahynez McHenry, Essence McKinnie, DeShayla Milton, Gabriel Miranda, Makaelia Missouri, Chante Mitchell, Jyaire Murphy, Demond'dre Myers, Denver Nitsch, Titus Owens, Sieana Pleester, Khadedra Rimmer, Shyrelle Rimmer, Tieanna Rimmer, Jacob Ruedinger, Jamara Ruffin, Perrion Ruffin, Tailyiah Rush, Marshia Scott, Santana Scott, Tarayia Scott, Cesar Sifuentes, Maurice Sloan, Jr., Sammie Smith, Shamar Smith, Sheliyah Smith, Shmyah Smith, Brian Stewart, Brionn Stokes, Dawson Taylor, Gerald, III Tennant, Brian Thomas, Camarion Thomas, D'Angelo Thompson, Destiny Thompson, Detareion Valoe, Deziree Valoe,

Quentella Walker, Teriontae Walker, Daniel Wheless, Jerrell Williams, Jim-Mya Williams, Makayla Williams, Tyvoni Williams, Isaiah Williams, Jr., Briana Zarate.

Dated at Milwaukee, Wisconsin this 10th day of November, 2014.

                                                       s/ Lynn Adelman
                                                  _____
                                                  LYNN ADELMAN
                                                 District Judge